IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY SNYDER, :

      Plaintiff, : Case No. 3:08cv014

 vs. : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

      Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS IN PART TO SAID JUDICIAL FILING (DOCS. #12 AND # 13) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT AND REMANDING THE CAPTIONED CAUSE PURSUANT TO SENTENCE FOUR OF 42 U.S.C. FOR FURTHER ADMINISTRATIVE PROCEEDINGS SET FORTH HEREIN; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On September 5, 2008, the United States Magistrate Judge filed a Report and Recommendations (Doc. #11), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated, and that the captioned cause

be remanded to the Defendant Commissioner for further administrative proceedings. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #11), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was neither supported by substantial evidence nor in conformity with Social Security Ruling 96-9p. The Plaintiff's Objections in part to said judicial filing (Docs. #12 and #13, each being duplicative of the other) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Commissioner agrees that the decision of the Administrative Law Judge was not supported by substantial evidence and, accordingly, has moved the Court, pursuant to Sentence Four of 42 U.S.C. Section 405(g), to enter judgment in favor of Plaintiff and against the Defendant Commissioner. The only issue before

this Court, accordingly, is whether to remand the matter for further administrative proceedings, as sought by the Defendant Commissioner, or to remand for the payment of benefits, as sought by the Plaintiff, upon the premise that all of the factual issues have been resolved, and that the record adequately establishes her entitlement to benefits.

      2.     This Court agrees with the Magistrate Judge that all factual issues have yet to be resolved given that, while a complete inability to stoop would significantly erode the unskilled sedentary occupational base and that a finding that the individual is disabled would <u>usually</u> apply, SSR 96-9p does not demand an automatic finding of disabled when a claimant, who is limited to sedentary work, has a complete inability to stoop. <u>See</u> Magistrate Judge's Report and Recommendations, Doc. #11 at 4. The factual issue yet to be resolved is whether <u>this</u> Plaintiff, with his constellation of physical issues, is disabled from gainful employment within the unskilled sedentary occupational base. In short, a "significant erosion of the sedentary occupational base" does not mean the absence of such a base, insofar as this particular Plaintiff is concerned. While it may well be true that evidence of the significant erosion of the sedentary occupational base for this Plaintiff is strong, one cannot state, based upon the present state of the record, that evidence to the contrary, given the Administrative Law Judge's failure to correctly apply Social Security Ruling 96-9p, is lacking. Only by putting such a question to a Vocational

Expert can one judge the existence of and, if so, the quality of such evidence to the contrary.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #11) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections in part to said judicial filing (Docs. #12 and #13, each being duplicative of the other) are overruled. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, accordingly, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, under Sentence Four of 42 U.S.C. Section 405(g), to determine, with the assistance of a Vocational Expert, whether there is a significant number of jobs available to an individual with a residual functional capacity for sedentary work, with the additional limitations of this Plaintiff as previously identified. Specifically, the Defendant Commissioner is directed to follow Social Security Ruling 96-9p in determining anew whether Plaintiff is disabled within the meaning of the Social Security Act, and, therefore, entitled to benefits under the Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 31, 2009                                /s/ Walter Herbert Rice
                                                           WALTER HERBERT RICE, JUDGE
                                                           UNITED STATES DISTRICT COURT

Copies to:

Stephanie D. Dobson, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.
Mara S. Miskin, Esq.